UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Christopher W. Madel,                                            Civ. No. 18-487 (PAM/BRT)

               Plaintiff,

v.                                                               **MEMORANDUM AND ORDER**

United States Department of
Justice, and Drug Enforcement
Administration,

               Defendants.

This matter is before the Court on Defendants' Motion for Summary Judgment. For the following reasons, the Motion is denied.

**BACKGROUND**

Plaintiff Christopher Madel has been attempting to secure Defendants' response to his Freedom of Information Act ("FOIA") requests since 2013. This is the second case before this Court regarding those efforts. The previous case, Madel v. U.S. Dep't of Justice, No. 13cv2832 (D. Minn.), involved Madel's 2012 and 2013 requests for information about monthly or quarterly sales and distribution of oxycodone in the state of Georgia by five entities. The requests underlying this lawsuit are for oxycodone-distribution information in Georgia from 2012 to May 2017, and in Michigan from 2006 to May 2017, for three of these entities: Cardinal Health, Inc., CVS Caremark, and Walgreen Company. This request, like the previous request, also seeks specific reports

from the ARCOS[1] database.

Defendants claim that they have no responsive information for CVS Caremark, and that they have provided Madel with all responsive information for the other two entities, save information protected from disclosure by FOIA Exemption 4, which applies to "trade secrets and commercial or financial information obtained from a person and privileged or confidential." 5 U.S.C. § 552(b)(4). Defendants have produced all relevant information for Walgreens up to 2013, when it stopped distributing oxycodone in Georgia and Michigan, and for Cardinal Health up to January 2015. The parties agree that the only remaining dispute is whether some information about Cardinal Health's distribution activities between January 1, 2015, and May 29, 2017, must be disclosed. Cardinal Health has objected to the production of the information Madel seeks. Defendants now ask the Court to determine that the information is subject to Exemption 4 and need not be disclosed.

**DISCUSSION**

In ruling on a request for summary judgment in a FOIA matter, the Court must construe the facts in the light most favorable to the FOIA requester. Miller v. U.S. Dep't of State, 779 F.2d 1378, 1382 (8th Cir. 1985). The agency "must prove that each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Nat'l Cable Television Ass'n, Inc., v. Fed. Commc'ns Comm'n, 479 F.2d 183, 186 (D.C. Cir. 1973).

---

[1] ARCOS stands for "Automation of Reports and Consolidated Orders System."

The Court has previously noted that Defendants' claims of competitive harm from the release of certain information were not credible, given that the information Madel sought in the earlier lawsuit was at least five and sometimes as much as 11 years old. Madel v. U.S. Dep't of Justice, No. 13cv2832, 2017 WL 111302, at *3 (D. Minn. Jan. 11, 2017) ("Madel I"). Defendants have inexplicably taken this comment to form a standard by which they evaluate Madel's FOIA requests. Thus, Defendants have decided that any information more recent than five years old is not subject to disclosure. But the previous Order did not set forth a time-limit standard for disclosure of potentially confidential business information, it merely commented on the facts of that case. The Court's comments in Madel I cannot justify Defendants' refusal to disclose information that is less than five years old.

The parties disagree as to what standard should be applied to determine whether the information Madel seeks is subject to Exemption 4. Defendants argue that the recent Supreme Court decision in Food Marketing Institute v. Argus Leader Media, 139 S. Ct. 2356, 2363 (2019), requires only that they establish that the information is confidential, that is, "customarily kept private." Id. Madel argues that Argus Leader involved a previous version of Exemption 4 and that Congress updated FOIA in 2016 to explicitly require the agencies invoking Exemption 4 to establish competitive harm, not merely confidentiality, as pre-Argus Leader caselaw held.

But even if Defendants are correct that Argus Leader changed the standard for reviewing Exemption 4 claims, they have failed to meet their burden to establish even that

3

less-strict standard here.  Information subject to Exemption 4 is "commercial or financial information [that] is both customarily and actually treated as private by its owner and provided to the government under an assurance of privacy."  Id. at 2366.  It is Defendants' burden to establish that the information is confidential under this standard:

> To claim an exemption, an agency must "provide affidavits which justify the claimed exclusion of each document by correlating the purpose for exemption with the actual portion of the document which is alleged to be exempt." Miller v. U.S. Dep't of State, 779 F.2d 1378, 1387 (8th Cir. 1985). While agency affidavits receive "substantial weight," they must include more than "barren assertions" that a document is exempt. Id. (internal quotation marks omitted). See also Missouri Coal. for Env't Found. v. U.S. Army Corps of Eng'rs, 542 F.3d 1204, 1210 (8th Cir. 2008) ("Boilerplate or conclusory affidavits, standing alone, are insufficient to show that no genuine issue of fact exists as to the applicability of a FOIA exemption."); Quiñon v. FBI, 86 F.3d 1222, 1227 (D.C. Cir. 1996) ("The affidavits will not suffice if the agency's claims are conclusory, merely reciting statutory standards, or if they are too vague or sweeping.").

Madel v. U.S. Dep't of Justice, 784 F.3d 448, 452 (8th Cir. 2015)

The declaration of Angela Hertel, the Acting Unit Chief for the DEA's FOIA unit is as devoid of specificity as the declarations that the Court of Appeals held insufficient in Madel I.  She relies in whole on Cardinal Health's response to the DEA's notice about the FOIA request, which itself summarily asserts that the information "could reveal the identity of customers and market share at the state and three-digit zip code level."  (Docket No. 26-10.)  Ms. Hertel then concludes, "It is my assessment that Cardinal Health provided the withheld information to DEA under an assurance of privacy."  (Docket No. 26, ¶¶ 27-28.)  As Madel notes, this establishes nothing.  It is DEA's burden to demonstrate that Exemption 4 applies and, moreover, that the temporal limitation DEA has placed on the

4

ostensibly exempt information here is necessary to protect Cardinal Health's general confidentiality interests. The declaration offers precisely the type of "barren assertions" that the Court of Appeals previously rejected. It is patently insufficient to carry Defendants' burden here.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendants' Motion for Summary Judgment (Docket No. 22) is **DENIED**.

Dated: July 15, 2020

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge